UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRAILL CLARK, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-cv-01561 |
| v. | (SAPORITO, J.) |
| CORRECTIONAL OFFICER JASON TYSON, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Plaintiff Tyraill Clark has filed an amended complaint alleging that he suffered withdrawal symptoms after he was denied Subutex for roughly one day at the York County Prison. (Doc. 21). Because the complaint suggests a viable claim against two "Jane Doe" defendants, the complaint will be served on the Warden of the York County Prison, and Clark will be permitted to request discovery from the Warden to identify the defendants.

I. BACKGROUND

Clark was permitted to file this amended complaint after his original complaint failed to state a viable claim over which the Court would have jurisdiction. *See* (Doc. 16).

The amended complaint alleges as follows: On May 16, 2024, Clark was incarcerated at the York County Prison ("YCP") and was prescribed Subutex[1]. He was scheduled for a court hearing on that date. At 7:30 a.m., he was taken to "admissions," where inmates entering and leaving the prison are processed. Because of prior incidents in which prisoners on court visits did not receive their medication, the YCP's practice was to distribute medication to these prisoners at admissions. However, the nurse running the pill line told Clark that she had "forgotten" his dose, and to request it when he returned.

Clark returned from his court hearing around 3:00 p.m. He told unnamed correctional officers about his interaction with the admissions nurse, and that he was already "going through withdraw[al] symptoms" because he had received his last dose of Subutex "around 3/4 am" the previous day. A correctional officer called "medical," and spoke to a supervisor ("Jane Doe #4"), who said: "We will call Clark down when we can." Clark was sent to his cell block.

In his cell block, Clark made this same complaint to CO Jason

---

[1] Subutex is a brand name for buprenorphine. *See Derr v. Houser*, No. 4:22-CV-1917, 2022 WL 22894512, at *2 n.1 (M.D. Pa. Dec. 19, 2022).

Tyson. Tyson in turn called medical, and an unknown nurse responded: "We are well aware that Clark has not received his dose yet, we will call him when we are ready." During a five-hour period[2], Clark made the same complaint "over 8 times" to Tyson and another officer (CO John Doe #3), telling these officers of his symptoms ("headache, throwing up, aches & pains") and that "his symptoms [were] getting worse." With each report, the officers called medical, and supervisor Doe #4 allegedly told them: "[W]e are busy, we will get to him when we do."

At 8:00 p.m., Clark spoke to a nurse ("Jane Doe #2") who was running the evening pill line. Clark told the nurse about his missed Subutex dose and "that he was going through withdrawal symptoms and had [defecated] on hi[m]self." Doe #2 "proceeded to laugh in [Clark's] face and [wave] him away." Clark's amended complaint does not say when he received his next dose, but he alleges that he suffered "over 24 hours of severe pain, headaches, throwing up, aches & pains [and] mental and emotional suffering." He asserts "due process/Eighth Amendment

---

[2] The complaint indicates that these complaints were made between 3:00 p.m., when Clark returned from court, and 8:00 p.m., when Clark saw nurse Jane Doe #2.

violation[s]" and claims of "medical negligence" against Tyson and the three Doe defendants.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471

(M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Clark asserts claims under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

> person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III. DISCUSSION

Regardless of whether Clark was a pre-trial detainee or a convicted prisoner at the time of this incident[3], he can state a claim based on delay or denial of medical care by alleging (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) that the deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023). Courts have found deliberate indifference "in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d

---

[3] Although Clark previously pled that he was a pre-trial detainee, he does not say so in the amended complaint, so that fact is not assumed here. *See Argentina v. Gillette*, 778 F. Appx 173, 175 n.3 (3d Cir. 2019) (facts pled in prior complaints are disregarded). The Court interprets Clark's due process claims as an assertion of defendants' liability under the Fourteenth Amendment. Regardless, pre-trial detainees' medical care claims under the Fourteenth Amendment are subject to "the same standard used to evaluate claims brought under the Eighth Amendment." *See Thomas v. City of Harrisburg*, 88 F.4th 275, 281 n.23 (3d Cir. 2023); *Tressler v. Ctr. Cnty.*, No. 1:24-CV-00456, 2024 WL 4989315, at *8-9 (M.D. Pa. Dec. 5, 2024).

192, 197 (3d Cir. 1999).

Clark asserts claims against Tyson and Doe #3, the correctional officers he complained to in his cell block. Assuming Clark's claimed symptoms at that time ("headache, throwing up, aches & pains") constituted a serious medical need, Clark has not shown that these individuals showed deliberate indifference. To the contrary, he alleges that the officers called the medical department on his behalf every time he complained. It was not deliberate indifference for these non-medical officers to rely on the judgment of the medical staff as to whether Clark needed to be seen imminently based on these symptoms. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

However, Clark states a claim against Doe #2, who allegedly "laughed and waved him away" after he told her at 8:00 p.m. at he had defecated on himself, and Doe #4, the nurse supervisor who repeatedly said between 3:00 and 8:00 p.m. that medical would call him "when we can." While it is generally recognized that "sporadic delays (not exceeding four days at any one time) in providing prescription medication . . . do not amount to deliberate indifference," *Ayala v. Terhune*, 195 F. App'x 87, 91

(3d Cir. 2006)⁴, numerous courts have recognized temporary withdrawal symptoms, including symptoms from Suboxone withdrawal, as a serious medical need.⁵ Viewed in the light most favorable to Clark, his complaint suggests a plausible claim that the severity of his symptoms at this stage showed a serious medical need, notwithstanding that they were allegedly caused by a single missed dose.

Nurse Doe #2 allegedly failed to address Clark's apparent medical need or assess whether he was receiving appropriate medical attention. This interaction, in turn, also suggests deliberate indifference by supervisor Doe #4; despite her statements that medical staff would address Clark's missed Suboxone dose "when they can," the medical

---

⁴ *See also Talley v. Wetzel*, No. 3:15-CV-01698, 2020 WL 5648169, at *11 (M.D. Pa. Jan. 29, 2020) ("A single delay in medication of only one day does not rise to the level of deliberate indifference."); *Cowher v. Pike Cnty. Corr. Facility*, No. 3:16-CV-02259, 2019 WL 3302415, at *13 (M.D. Pa. July 23, 2019) (denial of pain medication for "four or five days" was insufficient).

⁵ *See, e.g., Ferguson v. Palm Beach Cnty. Sheriff's Dep't of Corr.*, No. 23-CV-81264-RAR, 2025 WL 1634734, at *8 (S.D. Fla. June 9, 2025); *Davis v. Keller*, No. 7:23-CV-00593, 2024 WL 4326544, at *5 (W.D. Va. Sept. 27, 2024); *Bedard v. LeBlanc*, No. 5:20-CV-161, 2024 WL 3527022, at *8-9 (D. Vt. Apr. 15, 2024) (finding no clear consensus among district courts).

personnel dispensing medication in the evening were not prepared to give it to Clark. Thus, at this early stage, the complaint plausibly suggests deliberate indifference and medical negligence[6] claims against Doe #2 and Doe #4.

## IV. CONCLUSION

Clark's only viable defendants are unidentified. The use of placeholder defendants "is permissible in certain situations until reasonable discovery permits the true defendants to be identified." *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009). Under these circumstances, it is appropriate to direct service of the complaint on the Warden of the York County Prison for the limited purpose of identifying the defendants through discovery. *See, e.g., Murray v. Ohio*

---

[6] The Court assumes without deciding that Clark's "medical negligence" claims are claims of medical malpractice, premised on the nurses' failure to adhere to "generally accepted standards of medical practice" in treating his withdrawal symptoms. *See Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 254, 824 A.2d 1140, 1145 (2003). However, to the extent the defendants' alleged failures were administrative in nature, Clark's claims may sound in ordinary negligence. *See Holton v. United States*, No. 4:22-CV-487, 2024 WL 2094014, at *2 (M.D. Pa. May 9, 2024) (denial of an inmate's prescribed medication "can be classified as a breach of ordinary negligence duty because such a decision does not involve an issue of medical judgment") (citing *Jones v. United States*, 91 F. 3d 623, 625 (3d Cir. 1996)).

*Dep't of Corr.*, No. 1:14-CV-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014); *Mosby v. Doe*, No. 08-CV-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009). Clark will be permitted to request limited written discovery from the Warden, but the Warden will not be required to file an answer to the complaint or other responsive pleading. *See* 42 U.S.C. § 1997e(g). An appropriate order follows.

Dated: December 1, 2025          *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge