**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYRAILL CLARK,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE CATALDO, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:25-cv-01561<br><br>(SAPORITO, J.) |

**ORDER**

Plaintiff Tyraill Clark has moved for default judgment against defendant Nicole Cataldo. (Doc. 54). For the following reasons, the motion will be denied without prejudice.

Clark proceeds on Fourteenth Amendment medical care claims and claims of medical negligence against defendants Cataldo and "Jane Doe #4." These defendants are alleged to have denied Clark a prescribed dose of Suboxone when he was incarcerated at York County Prison, causing severe withdrawal symptoms. *See* (Doc. 21). On October 9, 2026, the clerk entered default against Cataldo for her failure to plead or otherwise defend against the complaint. *See* (Docs. 48, 53). Clark now requests that the Court enter an aggregate judgment of $250,000.00 against Cataldo.

A request for entry of default judgment is governed by Federal Rule

of Civil Procedure 55(b). Under this rule, the clerk must enter default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the plaintiff presents "an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). "In all other cases," the court must consider whether to grant default judgment on a discretionary basis, based on "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); Fed. R. Civ. P. 55(b)(2). The plaintiff must also comply with the Servicemembers Civil Relief Act, which "applies to any civil action or proceeding . . . in which the defendant does not make an appearance":

> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
>
> **(A)** stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> **(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

*See* 50 U.S.C. § 3931(a),(b)(1); *House v. Smith*, No. 2:18-CV-04283, 2021

WL 3185647, at *3 (E.D. Pa. July 28, 2021).

If the court ultimately enters a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (internal quotations omitted). The court may conduct further proceedings to determine appropriate damages. *See* Fed. R. Civ. P. 55(b)(2)(A)-(D); *Dickens v. Taylor*, 655 F. App'x 941, 946 (3d Cir. 2016).

In this case, Clark's demand for a $250,000.00 judgment is not supported by an affidavit substantiating his entitlement to that amount. Therefore, his request falls under Rule 55(b)(2); however, even if he was entitled to default judgment on the merits, he has not presented an affidavit addressing the defendant's potential military service.[1]

Further, the claims against defendant Jane Doe #4 remain unresolved, because Clark has been unable to identify that defendant or

---

[1] Although the motion refers to a "declaration . . . submitted herewith" on the topic of Cataldo's potential military service and competency to defend this action (Doc. 54 at 1), no declaration was attached to the motion. *See Nichols v. Konycki*, No. 4:21-CV-00218, 2023 WL 2297449, at *3 (M.D. Pa. Feb. 1, 2023) ("Inclusion of the allegation of non-military service in a brief and not in the affidavit is insufficient."), report and recommendation adopted, 2023 WL 2287625 (M.D. Pa. Feb. 28, 2023).

provide information sufficient to complete service. *See* (Docs. 23, 31). The time in which to serve this defendant has passed; accordingly, the claims against Doe #4 will be dismissed. *See* Fed. R. Civ. P. 4(m); *Fleckenstein v. Crawford*, No. 1:14-CV-01085, 2018 WL 1453170, at *3 (M.D. Pa. Mar. 23, 2018) (generally, default judgment should not be granted until the action is resolved as to any remaining defendants).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Clark's motion for default judgment (Doc. 54) is **DENIED** without prejudice. Clark is **ORDERED** to file any renewed motion for default judgment within **60 days** of this order.

2. In any renewed motion, Clark is **DIRECTED** to more specifically explain the basis for his requested damages and include any evidence that would show his entitlement to those damages.

3. Clark's claims against defendant Jane Doe #4 are **DISMISSED** pursuant to Fed. R. Civ. P. 4(m). The Clerk is **DIRECTED** to terminate this defendant from the docket.

Dated: November 16, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge